UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X          **COMPLAINT**

M.M., mother and natural guardian of A.M. and                    Case No.:
A.M. Individually,

                           Plaintiff,

            -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

1.   Plaintiff M.M. is the mother and natural guardian of A.M. as defined by IDEA, 20 U.S.C. § 1401 (23).

2.   A.M. is a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3.   Defendant(s) classified A.M. as a child with a disability.

4.   During the relevant dates referenced herein, the plaintiffs have resided in Brooklyn, New York.

5.   The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6.   Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the

United States Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

7.   The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff by the order of IHO John Farago ("IHO Farago") in impartial hearing case number 216845.  The decision was issued on May 23, 2022, and the decision is final and binding on the parties.

8.   The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff in another due process action by the order of IHO Harry Christodoulou ("IHO Christodoulou") in impartial hearing case number 239458.  The decision was issued on May 31, 2023 and is final and binding on the parties.

9.   The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff in another due process action by the order of IHO Bruce Olinger ("IHO Olinger") in impartial hearing case number 260885. The decision was issued on April 5, 2024.

10. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff in another due process action by the order of IHO Natasha Thompson ("IHO Thompson") in impartial hearing case number 286747.  The decision was issued on January 21, 2025.

11. Plaintiff prevailed in the impartial hearing proceedings in case numbers 216845, 239458, 260885 and 286747.

12. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, legal fees have not been settled to date by defendants.

13. As the proceedings decided under case number 216845, the defendants have not

appealed the hearing order and it is final and binding upon them.

14. As to the proceedings decided under case number 239458, the defendants have not appealed the hearing order and it is final and binding upon them.

15. As to the proceedings decided under case number 260885, the defendants have not appealed the hearing order and it is final and binding upon them.

16. As to the proceedings decided under case number 286747, the defendants have not appealed the hearing order and it is final and binding upon them.

17. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

18.  Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

19. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

20. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2021-2022 school year on or about August 25, 2021. In the 10-day notice, the CSE was notified of the reasons for M.M.'s intent to place A.M. in a nonpublic school for the 2021-2022 school year. M.M. contended that that defendant(s) denied A.M. FAPE.

21. Plaintiff brought the due process proceeding under case number 216845 due to the inadequacy of A.M.'s IEP in the 2021-2022 school year.  The hearing request dated September 9, 2021 was submitted to the DOE.

22. A hearing was held on April 20, 2022 and May 23, 2022.  After holding the hearing

over these dates, IHO Farago determined in his order that A.M.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to her in the complained of school year. The DOE was also ordered to reimburse M.M. for transportation costs due to implementation issues. Following IHO Farago's order, the DOE did not appeal it.

23. A 10-day notice of unilateral placement was sent to the defendants' CSE on or about August 22, 2022. In the 10-day notice, the CSE was advised of the M.M.'s reasons for unilaterally placing A.M. in a private school for the 2022-2023 school year. The defendants did not respond to the plaintiff's 10-day notice.

24. Although an IEP was developed recommending an ICT program, A.M. was not offered a seat in an appropriate nonpublic school for the 2022-2023 school year.

25. On September 19, 2022, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to A.M. in the 2022-2023 school year. This case proceeded before IHO Harry Christodoulou ("IHO Christodoulou") under case number 239458.

26. At the time of the impartial hearing, the defendants' District Representative did not present any witnesses on Prong One case to establish that the DOE provided FAPE to A.M. for the 2022- 2023 school year.

27. IHO Christodoulou ("IHO Christodoulou") found that A.M. was denied FAPE in the complained of school year(s). The parent's unilateral placement was found appropriate and the defendants were ordered to directly fund A.M.'s attendance at the school for the 2022-2023 school year in the amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) within thirty days of the hearing order. The IHO ordered that the parent be reimbursed for transportation costs incurred during Plaintiff's attendance at school due to failure of consistent busing implementation. The order was not appealed by defendant(s).

28. A 10-day notice of unilateral placement was sent to the defendants' CSE on or

4

about August 23, 2023.  In the 10-day notice, the CSE was advised of the M.M.'s reasons for unilaterally placing A.M. in a private school for the 2023-2024 school year.  The defendants did not respond to the plaintiff's 10-day notice.

29.    A due process complaint dated September 12, 2023 was filed with defendant(s) alleging various FAPE violations to A.M. An interim order was sought seeking complete evaluations for A.M. at market rates at the expense of the DOE. M.M. also requested funding for A.M.'s unilateral placement for the 2023-2024 school year.  The case number for the 2023-2024 due process complaint is 260885.

30.    No IEP was developed prior to the 2023-2024 school year and A.M. was not offered a seat in an appropriate special education program for the 2023-2024 school year.

31.    The DOE failed to engage a complete triennial reevaluation for A.M. and M.M. requested an interim order for independent educational evaluations ("IEEs") at the expense of the defendants and an interim order was issued awarding IEEs. M.M. also challenged the defendant(s) failure to provide A.M. with limited time travel to and from school given her medical alerts warranting these accommodations.

32.    A due process hearing in case number proceeded on March 8, 2024, and the DOE failed to offer a Prong One case to establish that it provided FAPE to A.M. for the 2023-2024 school year. Nor was any evidence offered by the DOE to challenge the parent's request for limited time travel to and from school. The case was heard before IHO Bruce Olinger ("IHO Olinger").

33.    IHO  Olinger found that A.M. was denied FAPE in the complained of school year(s). The parent's unilateral placement was found appropriate and the defendants were ordered to directly fund A.M.'s attendance at the school for the 2023-2024 school year in the amount of SEVENTY-ONE THOUSAND NINE HUNDRED DOLLARS ($71,900.00).  The IHO ordered

that the parent be reimbursed for transportation costs incurred during Plaintiff's attendance at school due to failure of consistent busing implementation, and further ordered that A.M. receive limited time travel given her medical alerts. The order was not appealed by defendant(s).

34. A 10-day notice of unilateral placement was sent to the defendants' CSE on or about August 20, 2024.  In the 10-day notice, the CSE was advised of the M.M.'s reasons for unilaterally placing A.M. in a private school for the 2024-2025 school year.  The defendants did not respond to the plaintiff's 10-day notice.

35.   Although the CSE developed an IEP in November 2023, it did not include the IEEs as part of its consideration of A.M.'s needs and developed the IEP without that information. Nor did the CSE reconvene to consider the updated evaluations for A.M. and did not develop an IEP prior to the 2024-2025 school year. Rather, the CSE sent A.M. a prior written notice document relaying on the November 2023 IEP as the basis for offering a seat in a special education program.

36.   A due process complaint dated October 4, 2024 was filed with defendant(s) and assigned case number 286747. This case was filed seeking tuition funding for the 2024-2025 school year as a result of defendant(s) denial of FAPE to A.M. for the reasons stated in the 10-Day Notice and the due process complaint.

37.   A due process hearing was held on January 21, 2025 before IHO Thompson. The DOE did not present a Prong One case at the hearing. M.M. through counsel presented evidence on Prong Two. IHO Thompson found that the placement was appropriate and that the equities favored M.M. IHO Thompson ordered that the student's tuition be directly funded to the nonpublic school in the amount of SEVENTY SIX THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($76,215.00) for the 2024-2025 school year. The order has not been appealed by defendants.

38.   The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees in each of the above mentioned due process proceedings.

39.   The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B).  Plaintiff obtained favorable results in each of the underlying due process proceedings that were not occasioned by the defendant City's or DOE's voluntary change of conduct, but rather, was based on the determinations made in the impartial hearing decision by the assigned IHOs.

40.   As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

### <u>AS AND FOR A FIRST CAUSE OF ACTION: ATTORNEYS FEES IN 216845</u>

41.   Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through forty ("40") as if fully set forth herein.

42.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 216845.

43.   The relief sought and ultimately obtained in the hearing under case number 216845 were substantial for Plaintiff.

44.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 216845.

45.   The relief sought and ultimately obtained in the hearing under case number 216845 was substantial for Plaintiff.

46.   The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

47.   Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process

proceedings in case number 216845 and this action.

48.    Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 216845 and this action.

## AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEYS FEES IN 239458

49.    Plaintiff reasserts and realleges the allegations contained in paragraphs forty ("40") through forty-eight ("48") as if fully set forth herein.

50.    As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 239458.

51.    The relief sought and ultimately obtained in the hearing under case number 239458 were substantial for Plaintiff.

52.    As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 239458.

53.    The relief sought and ultimately obtained in the hearing under case number 239458 was substantial for Plaintiff.

54.    The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

55.    Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 239458 and this action.

## AS AND FOR A THIRD CAUSE OF ACTION: ATTORNEYS FEES IN 260885

56.    Plaintiff reasserts and realleges the allegations contained in paragraphs forty-eight ("48") through fifty-five ("55") as if fully set forth herein.

57.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 260885.

58.   The relief sought and ultimately obtained in the hearing under case number 260885 were substantial for Plaintiff.

59.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 260885.

60.   The relief sought and ultimately obtained in the hearing under case number 260885 was substantial for Plaintiff.

61.   The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

62.   Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 260885 and this action.

### AS AND FOR A FOURTH CAUSE OF ACTION: ATTORNEYS FEES IN 286747

63.   Plaintiff reasserts and realleges the allegations contained in paragraphs fifty-six ("56") through sixty-two ("62") as if fully set forth herein.

64.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 286747.

65.   The relief sought and ultimately obtained in the hearing under case number 286747 were substantial for Plaintiff.

66.   As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 286747.

67.   The relief sought and ultimately obtained in the hearing under case number 286747 was substantial for Plaintiff.

68.   The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

69.   Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 286747 and this action.

## REQUESTS FOR RELIEF

70.   Plaintiff requests that an Order be issued awarding attorneys fees as a prevailing party in underlying due process proceedings. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action and for the underlying due process hearing and appeal to the SRO pursuant to 20 U.S.C. 1415(i)(2)(A) and 20 USC 1415(i)(3)(B) .

Dated: Brooklyn, New York
      February 18, 2025

*Erika L. Hartley, Esq.*
Erika L. Hartley, Esq. (Electronically signed)
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
M.M. as m/n/g of A.M.
238 Covert Street, Suite 2
Brooklyn, New York  11207
O: (866) 478-3324
erika.hartley@hartlylawgrp.net

To:    GEORGIA PESTANA, Corporation Counsel
       Office of the Corporation Counsel
       Attorneys for Defendants
       THE CITY OF NEW YORK & NEW YORK
       CITY DEPARTMENT OF EDUCATION
       100 Church Street
       New York, New York  10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------X


M.M. as mother and natural guardian of A.M.. and
M.M. Individually,

                               Plaintiff,

                 -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                             Defendants.


-------------------------------------------------------------------------------------------------------X


# COMPLAINT


-------------------------------------------------------------------------------------------------------X




**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
M.M.. as m/n/g A.M. and M.M.. Individually
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (866) 478-3324, Fax (718) 650-8917
erika.hartley@.hartleylawgrp.net